No. 23-60463

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

DISABILITY RIGHTS MISSISSIPPI; LEAGUE OF WOMEN VOTERS OF MISSISSIPPI; WILLIAM EARL WHITLEY; MAMIE CUNNINGHAM; YVONNE GUNN

*PLAINTIFFS–APPELLEES*,

*v.*

LYNN FITCH, in her official capacity as Attorney General of the State of Mississippi; MICHAEL D. WATSON, JR., in his official capacity as Secretary of State of Mississippi,

*DEFENDANTS–APPELLANTS*,

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
No. 3:23-cv-350-HTW-LGI

**PLAINTIFFS–APPELLEES' RESPONSE TO DEFENDANTS-APPELLANTS' SUGGESTION OF MOOTNESS AND MOTION TO VACATE**

*Counsel on Next Page*

LESLIE FAITH JONES
SOUTHERN POVERTY LAW CENTER
111 East Capitol Street, Suite 280
Jackson, Mississippi 39201
(601) 317-7519
leslie.jones@splcenter.org

BRADLEY E. HEARD
SABRINA KHAN
JESS UNGER
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Avenue, Suite 230
Decatur, GA 30030
(334) 213-8303
bradley.heard@splcenter.org
sabrina.khan@splcenter.org
jess.unger@splcenter.org

AHMED SOUSSI
SOUTHERN POVERTY LAW CENTER
201 Saint Charles Avenue, Suite 2000
New Orleans, Louisiana 70170
(334) 213-8303
ahmed.soussi@splcenter.org

ROBERT MCDUFF
Mississippi Center For Justice
210 E. Capitol St., Suite 1800
Jackson, Mississippi 39201
(601) 259-8484
rmcduff@mscenterforjustice.org

JOSHUA TOM
AMERICAN CIVIL LIBERTIES UNION
OF MISSISSIPPI FOUNDATION
101 South Congress Street
Jackson, Mississippi 39201
(601) 354-3408
jtom@aclu-ms.org

MING CHEUNG
CASEY SMITH
ARI J. SAVITZKY
SOPHIA LIN LAKIN
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
mcheung@aclu.org
csmith@aclu.org
asavitzky@aclu.org
slakin@aclu.org

GRETA KEMP MARTIN
DISABILITY RIGHTS MISSISSIPPI
5 Old River Place, Suite 101
Jackson, MS 39202
Office: (601) 968-0600
Facsimile: (601) 968-0665
gmartin@drms.ms

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following non-governmental persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Plaintiffs-Appellees:**
- Disability Rights Mississippi
- League of Women Voters of Mississippi
- Mamie Cunningham
- William Earl Whitley
- Yvonne Gunn

**Counsel**
- Ahmed Soussi
- Ari J. Savitzky
- Bradley E. Heard
- Casey Smith
- Greta Kemp Martin
- Jess Unger
- Joshua Tom
- Leslie Faith Jones
- Ming Cheung
- Robert McDuff
- Sabrina Khan
- Sophia Lin Lakin
- American Civil Liberties Union Foundation
- American Civil Liberties Union of Mississippi Foundation
- Disability Rights Mississippi
- Mississippi Center for Justice
- Southern Poverty Law Center

**Defendants-Appellants:**
- Lynn Fitch
- Michael D. Watson, Jr.

**Counsel**
- Anthony M. Shults
- Douglas T. Miracle
- Justin L. Matheny
- Gerald L. Kucia

- Scott G. Stewart

**Non-Appealing Defendants:**
- Elizabeth Ausbern
- Gerald A. Mumford

Dated: July 11, 2024

*/s/* Leslie Faith Jones
Counsel of Record for Plaintiffs-Appellees

Pursuant to Fed R. App. P. 27(a)(3), Plaintiffs file this response to the Defendants-Appellants' Motion to Vacate the Order Below and Remand with Instructions to Dismiss the Case as Moot. Dkt. 93. While Plaintiffs do not dispute that this appeal is moot because of the newly enacted S.B. 2425, this Court should remand the case to the district court for further proceedings, including the determination of Plaintiffs' entitlement to reasonable attorneys' fees as the prevailing party.[1] Under this Court's longstanding precedent, a plaintiff may be entitled to attorney's fees after securing preliminary injunctive relief, even if the case is ultimately rendered moot by new legislation.

## BACKGROUND

In March 2023, Mississippi enacted Senate Bill 2358 (S.B. 2358) (codified at Miss. Code Ann. § 23-15-907), which broadly criminalized the provision of assistance to voters who may need help returning a ballot, including voters with a disability. ROA.333-34. S.B. 2358 generally forbade anyone other than a "family member," a "household member," or a "caregiver"—terms that were not defined in

---

[1] Plaintiffs note that two Defendants, Chickasaw County District Attorney Elizabeth Ausbern and Hinds County District Attorney Gerald A. Mumford, are not represented by the State's counsel and are not part of this appeal. Because they have not expressed a position on the interpretation or impact of the new law, the case should be remanded to the district court for appropriate disposition of the preliminary injunction and the case against those Defendants, even as the injunction should be vacated as moot against Attorney General Lynn Fitch and Secretary of State Michael Watson.

1

the statute—from assisting a voter with the collection or transmission of their ballot. That prohibition clashed with Section 208 of the Voting Rights Act, a law that guarantees voters a nearly unfettered right to receive assistance from a person of their choice if the voter requires assistance due to disability, blindness, or inability to read or write. 52 U.S.C. § 10508.

Plaintiffs filed suit in May 2023, alleging that S.B. 2358 is preempted by Section 208, and obtained a preliminary injunction from the district court below on July 25, 2023. ROA.40, 338. That injunction enjoined the application of S.B. 2358 "in connection with the 2023 primary and/or general Mississippi elections." ROA.338. The district court also enjoined the implementation and enforcement of S.B. 2358, in relation to other future elections, "to the extent that it would prohibit voters who are disabled or blind or who have limited ability to read or write from receiving assistance from the person of their choice." ROA.338. Because of the injunction, which was not stayed pending appeal, the 2023 elections in Mississippi were held without S.B. 2358 being in effect, and nobody may be held criminally liable for assisting voters during that time.

In its preliminary injunction order, the district court held that Plaintiffs are likely to succeed on the merits, because S.B. 2358 likely violates Section 208 by denying assistance to voters with a physical disability, blindness, or an inability to read or write. ROA.333–34, 337 ("Under 208 of the VRA, voters who require

2

assistance with voting due to physical disabilities, blindness, or language barriers have a right to seek assistance from 'any person they want,' with only two specific exceptions: the assistor may not be (1) the voter's 'employer or agent of that employer'; nor (2) ' [an] officer or agent of [the voter's] union.'") (quoting *OCA Greater Houston v. Texas*, 867 F.3d 604, 607, 614 (5th Cir. 2017)). The district court also found that S.B. 2358 is critically flawed by failing to provide definitions of the vague terms "family member," "household member," and "caregiver." ROA.335–36. The court expressed concern that, absent definitions, would "vest[] prosecuting authorities with broad discretion in relying upon their own definitions of these vital terms." ROA.336.

During the pendency of the State's appeal of the district court's injunction, and prior to oral argument before this Court, Mississippi passed S.B. 2425 to amend Miss. Code Ann. § 23-15-907. By all indications, S.B. 2425 was enacted in response to the preliminary injunction order and seeks to address the specific flaws identified by the district court. First, S.B. 2425 supplies definitions of the terms "family member," "household member," and "caregiver" that the district court had determined to be vague. Dkt. 83-2 at 3–4. Second, S.B. 2425 adds a new section largely tracking the language of Section 208 of the VRA and protecting assistance for voters with a disability, blindness, or inability to read or write. *Id.* at 4–5. Both

3

of those changes correspond directly to the reasoning of the district court's injunction. S.B. 2425 took effect on July 1, 2024.

The legislative history confirms that S.B. 2425 was prompted by the district court's injunction. Indeed, at least one legislator, during the debate on the House floor, referenced the district court's order and this appeal as the impetus for the proposed legislation.[2] The House sponsor of what was ultimately enacted as S.B. 2425 did not dispute that characterization, and he also explained that the bill was intended to "incorporate[] the federal and state laws regarding a disabled voter who requires assistance to vote based on their blindness or inability to read and write."[3]

Because Plaintiffs agree that S.B. 2425 generally allows voters with disabilities to use an assister of their choice, Plaintiffs did not oppose Defendants' motion to cancel oral argument. *See* Dkt. 87 at 1.

---

[2] *See* MS House Floor – 4 April, 2024; 10:00 A.M., YouTube (April 4, 2024) (remarks beginning at 1:11:40 of video), https://www.youtube.com/live/ChZ_lF6lYDg?si=c4zMD8ypjZfFA2aD&t=4300 (last visited July 11, 2024).
[3] *See* MS House Floor – 4 April, 2024; 10:00 A.M., YouTube (April 4, 2024) (remarks beginning at 1:02:00 mark and resuming at 1:13:40), https://www.youtube.com/live/ChZ_lF6lYDg?si=utSNS_Kh_h2VkJC_&t=3720 (last visited July 11, 2024).

# ARGUMENT

## I. Remand for determination of attorneys' fees is warranted

In light of Mississippi's decision to amend the challenged law in response to the preliminary injunction, Plaintiffs intend to seek attorneys' fees as the prevailing party. That fee motion is not presently before the Court, and thus, Plaintiffs request a remand to the district court for further proceedings.

An award of attorneys' fees is a "wholly independent consideration" from mootness. *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 835 (5th Cir. 2023). This Court has "held repeatedly that a determination of mootness neither precludes nor is precluded by an award of attorneys' fees." *Murphy v. Ft. Worth Indep. Sch. Dist.,* 334 F.3d 470, 471 (5th Cir. 2003) (internal quotation marks omitted). Accordingly, where attorney's fees remain undetermined after an appeal has been rendered moot, this Court's longstanding practice is to remand to the district court for further proceedings.[4] *E.g.*, *Freedom From Religion Found., Inc.*, 58 F.4th at 838 ("We are compelled to conclude that the . . . repeal of the Capitol

---

[4] *See also Amawi v. Paxton*, 956 F.3d 816, 822 (5th Cir. 2020) (remanding for consideration of attorney's fees after new legislation "provided the plaintiffs the very relief their lawsuit sought"); *Staley v. Harris Cnty., Tex.*, 485 F.3d 305, 307 (5th Cir. 2007) ("We therefore DISMISS the appeal and REMAND the case solely for a determination of appropriate attorneys' fees."); *Johnson v. State*, 586 F.2d 387, 388 (5th Cir. 1978) (remanding for district court to decide the question of attorney's fees in the first instance after amended legislation "eliminated the unconstitutionality denounced by the District Court").

Exhibit Rule renders this case moot . . . . This case is REMANDED to the district court for consideration of . . . motions for attorney fees, and other proceedings consistent with this opinion, to the extent necessary.").

Here, attorneys' fees are part of Plaintiffs' requested relief, ROA.36, and under this Circuit's precedent, a plaintiff may be entitled to attorney's fees after obtaining a preliminary injunction, even if the case is ultimately mooted. *Dearmore v. City of Garland*, 519 F.3d 517, 526 (5th Cir. 2008) ("The fact that [the plaintiff] never obtained a final judgment on the merits does not affect our ruling, as a final judgment is not required."). To obtain fees in this posture, "the plaintiff (1) must win a preliminary injunction, (2) based upon an unambiguous indication of probable success on the merits of the plaintiff's claims as opposed to a mere balancing of the equities in favor of the plaintiff, (3) that causes the defendant to moot the action, which prevents the plaintiff from obtaining final relief on the merits."[5] *Id.* at 524. "[T]he touchstone of the prevailing party inquiry is the material alteration of the legal relationship of the parties." *See id.* at 521 (cleaned up).

The district court's order, although not a final determination on the merits, conclusively changed the legal relationship between the parties by eliminating the

---

[5] The third prong is satisfied when, as here, the state legislature moots a case filed against an executive official enforcing the challenged law. *Davis v. Abbott*, 781 F.3d 207, 217 (5th Cir. 2015).

possibility of criminal liability for voting assistance that was rendered during the 2023 election. As to the first prong under *Dearmore*, there is no question that Plaintiff obtained a preliminary injunction. Second, the district court's order was premised on its analysis of a probable violation of Section 208, not merely "because of any balancing of the equities in [Plaintiffs'] favor." *Id.* at 525. And on the third and final prong, the State amended the challenged law to address the specific flaws identified in the court's ruling, rather than "voluntarily chang[ing] its position *before* judicial action was taken." *Id.* at 525.

Plaintiffs' status as a prevailing party has not yet been determined by the district court—the case should therefore be remanded to the lower court to conduct further proceedings as appropriate.

## CONCLUSION

For the foregoing reasons, Plaintiffs ask that the Court dismiss the appeal as moot, vacate the preliminary injunction as to Defendants-Appellants, and remand the case for further proceedings, including the determination of appropriate attorneys' fees.

Dated: July 11, 2024                                          Respectfully submitted,

*/s/ Leslie Faith Jones*
Leslie Faith Jones

LESLIE FAITH JONES  
SOUTHERN POVERTY LAW CENTER  
111 East Capitol Street, Suite 280  
Jackson, Mississippi 39201  
(601) 317-7519  
leslie.jones@splcenter.org  

BRADLEY E. HEARD  
SABRINA KHAN  
JESS UNGER  
SOUTHERN POVERTY LAW CENTER  
150 E. Ponce de Leon Avenue, Suite 230  
Decatur, GA 30030  
(334) 213-8303  
bradley.heard@splcenter.org  
sabrina.khan@splcenter.org  
jess.unger@splcenter.org  

AHMED SOUSSI  
SOUTHERN POVERTY LAW CENTER  
201 Saint Charles Avenue, Suite 2000  
New Orleans, Louisiana 70170  
(334) 213-8303  
ahmed.soussi@splcenter.org  

ROBERT MCDUFF  
MISSISSIPPI CENTER FOR JUSTICE  
210 E. Capitol St., Suite 1800  
Jackson, Mississippi 39201  
(601) 259-8484  
rmcduff@mscenterforjustice.org  

JOSHUA TOM  
AMERICAN CIVIL LIBERTIES UNION  
OF MISSISSIPPI FOUNDATION  
101 South Congress Street  
Jackson, Mississippi 39201  
(601) 354-3408  
jtom@aclu-ms.org  

MING CHEUNG  
CASEY SMITH  
ARI J. SAVITZKY  
SOPHIA LIN LAKIN  
AMERICAN CIVIL LIBERTIES UNION  
FOUNDATION  
125 Broad Street, 18th Floor  
New York, NY 10004  
(212) 549-2500  
mcheung@aclu.org  
csmith@aclu.org  
asavitzky@aclu.org  
slakin@aclu.org  

GRETA KEMP MARTIN  
DISABILITY RIGHTS MISSISSIPPI  
5 Old River Place, Suite 101  
Jackson, MS 39202  
Office: (601)968-0600  
Facsimile: (601)968-0665  
gmartin@drms.ms  

*COUNSEL FOR PLAINTIFFS-APPELLEES*

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limits of Fed. R. App. P. 27(d)(2)(A) because it contains 1643 words, excluding parts exempted by the Rules. This document complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5)-(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Leslie Faith Jones*
Leslie Faith Jones

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2024, a true and correct copy of the foregoing document was served on all counsel of record by filing with the Court's CM/ECF system.

*/s/ Leslie Faith Jones*
Leslie Faith Jones